## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:17cr00053 |
| | ) | **Electronic Filing** |
| **AARON LYONS** | ) | |

## OPINION

Presently before the court is defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion will be denied.

On March 1, 2017, a grand jury returned a one count indictment against Aaron Lyons ("defendant"), charging him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant pled guilty to the charge on December 18, 2017. On April 19, 2018, he was sentenced to six (6) months imprisonment followed by three (3) years of supervised release. Defendant did not appeal.

When defendant pled guilty and was sentenced, the United States Supreme Court had not yet rendered its decision in Rehaif v. United States. In Rehaif, the Supreme Court clarified the *mens rea* requirement for unlawful possession of a firearm under 18 U.S.C. § 922(g)(1). Specifically, the Court held that in a felon-in-possession case the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons prohibited from possessing a weapon. Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019).

Defendant filed his motion to vacate in the wake of Rehaif. He initially argued that the government did not allege or establish that he had knowledge of his felon status at the time he possessed the weapon in question; and the court did not address this aspect of the *mens rea* element at his change of plea hearing, thereby rendering his guilty plea unknowing and involuntary in violation of the Fifth Amendment's guarantee to due process; his motion is timely filed; Rehaif applies retroactively and his due process claim is cognizable under §2255; and had

he known of the government's burden, he would not have pled guilty but instead would have proceeded to trial.

In response, the government acknowledged that the <u>Rehaif</u> knowledge-of-status element was not charged in the indictment or discussed at the time defendant entered his plea; defendant timely filed his motion to vacate; and "the Court should retroactively apply the decision in <u>Rehaif</u> to collateral attacks under 28 U.S.C. § 2255(f)(3)." Nevertheless, it argued that defendant failed to challenge the knowing and voluntary nature of his guilty plea through direct appeal, and he thereby procedurally defaulted any basis for pursuing relief; and because defendant cannot show either cause or prejudice to overcome this default, he is barred from obtaining relief pursuant to <u>Rehaif</u>.

In reply, defendant maintains that his claim is not procedurally defaulted. First, from his perspective cause for failing to raise the <u>Rehaif</u> deficiency does exist. In this regard every court of appeals to address a challenge based on the lack of a knowledge-of-status element prior to <u>Rehaif</u> had rejected the position, which in turn created a "near unanimous body of lower court authority" that foreclosed further argument on the matter. This state of affairs purportedly made raising the argument on knowledge-of-status futile, which is sufficient to distinguish this case from the general rule set forth in <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998), and establish "cause" pursuant to <u>Reed v. Ross</u>, 468 U.S. 1 (1984). Second, an error involving the government's burden of proof as to the mental state of the defendant assertedly is a form of "structural error" that always invalidates a conviction and thus omission of the <u>Rehaif</u> element establishes prejudice. Thus, from defendant's perspective his right to relief pursuant to <u>Rehaif</u> has not been procedurally defaulted.

After the parties' initial briefing on the motion, the United States Supreme Court decided <u>Greer v. United States</u>, 593 U.S. 503 (2021). There, the Court rejected the contention that the

uniform body of circuit authority holding "that knowledge of one's felon status was not an element of the felon-in-possession offense" rendered the failure to object at the trial level (when the error occurred) futile under a narrow exception to Rule 52(b)'s exacting plain error standard. Notwithstanding the then-existing uniform circuit precedent rejecting the contention that the "knowing" element of § 922(g)(1) extended to a defendant's knowledge of his felon status, a defendant's "opportunity" to object at the time the adverse ruling or error occurred was sufficient to "forfeit" a claim of error as to the accuracy of the *mens rea* element and thereby preclude harmless error review under Rule 51(b).  Greer, 141 S. Ct. at 2096.

The Court in Greer likewise rejected the contention that Rehaif errors omitted during a plea colloquy are "structural" in nature and require vacatur in every case without regard to whether a defendant can demonstrate that substantial rights were affected.  To the contrary, such discrete errors in jury instructions or warnings in Rule 11 colloquies do not in themselves deprive a defendant of the basic due process protections essential to ensuring that a criminal proceeding reliably serves as a vehicle for determining guilt or innocence.  Id. at 2100 ("[D]iscrete defects in the criminal process - such as the omission of a single element from jury instructions or the omission of a required warning from a Rule 11 plea colloquy - are not structural because they do not 'necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'") (citing Neder v. United States, 527 U.S. 1, 9 (1999)).  Instead, Rehaif errors "fit comfortably within the 'general rule' that a constitutional error does not automatically require reversal of a conviction."  Id.  This leaves a defendant who has failed to preserve a Rehaif error with the burden of showing that but for the Rehaif error, there is a reasonable probability that the outcome would have been different.  And meeting that burden in a change-of-plea context requires at least some evidence from which a sufficient argument can be made that the defendant "did not in fact know he was a felon."  Id. at 2100.

The government raised the impact of the Court's teachings in <u>Greer</u> in its supplemental brief of December 8, 2023 (Doc. No. 152). It highlighted the Court's holding that the omission of the knowledge-of-status element at a change of plea colloquy is not structural and observed that both the United States Court of Appeals for the Third Circuit and this member of the court have rejected such arguments in the wake of <u>Greer</u>. <u>Id.</u> at 2 (citing <u>United States v. Adams</u>, 36 F.4th 137, 152 n.15 (3d Cir. 2022) (the applicable Third Circuit and Supreme Court precedent does not count <u>Rehaif</u> errors as highly exceptional constitutional errors that qualify as structural error) and <u>United States v. Morrison</u>, Cr. No. 2:19cr144, 2023 WL 4685818, *7 (W.D. Pa. July 21, 2023) (Cercone, J.) (<u>Rehaif</u> error was not structural error)). In addition, the government noted that "<u>Greer</u>, in effect, created a presumption that the 'knowledge-of-status' element is satisfied whenever a § 922(g)(1) defendant is, in fact, a felon." <u>Id.</u> (quoting <u>Adams</u>, 36 F.4th at 152 and citing <u>United States v. Davis</u>, Nos. 19-1872 & 19-1873, 2022 WL 4181012, at *4 (3d. Cir. Sept. 13, 2023) and <u>Greer</u>, 141 S. Ct. at 2097 ("In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon."). And the government argues that not only has defendant failed to overcome this presumption, but the record demonstrates that "he was well aware at the time of the offense that he had been convicted of a crime punishable by a term of imprisonment exceeding one year." <u>Id.</u> at 3.

In response, defendant argues that given his age, the nature of the underlying state offense and the sentence he received, the record is inconclusive as to whether he knew "that the misdemeanor crime to which he pled guilty was punishable by a term of imprisonment of more than one year." Defendant's Reply (Doc. No. 153) at 3. Defendant thus maintains that at a

minimum he has made an adequate showing to obtain relief due to the <u>Rehaif</u> error and even if this court disagrees with this, it must schedule an evidentiary hearing on his motion to vacate. <u>Id.</u> at 6-7.

A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted or where the factual allegations advanced in support of the motion are vague, conclusory or patently frivolous.  See Rule No. 4 of the Rules Governing § 2255 Proceedings; <u>Blackledge v. Allison</u>, 431 U.S. 63 (1977); <u>Page v. United States</u>, 462 F.2d 932, 933 (3d Cir. 1972) (where the record affirmatively indicates that a claim for relief is without merit, it may be decided summarily without a hearing).  In <u>Government of Virgin Islands v. Nicholas</u>, 759 F.2d 1073, 1075 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit stated:

> A Section 2255 motion is addressed to the discretion of the trial judge in the first instance and where the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.

<u>Id.</u>; accord <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000).  Other courts have reached the same conclusion.  See <u>Baumann v. United States</u>, 692 F.2d 565, 572 (9th Cir. 1982) (proper for district court to dismiss portion of § 2255 petition without evidentiary hearing where allegations conclusively failed to state a claim for relief); <u>United States v. Oliver</u>, 865 F.2d 600, 604 (4th Cir.), <u>cert.</u> denied, 493 U.S. 830 (1989) (district court may dismiss § 2255 petition pursuant to Rule 4(b) where record conclusively demonstrates that movant is not entitled to relief as a matter of law); <u>Mathews v. United States</u>, 11 F.3d 583, 584-86 (6th Cir. 1993) (where § 2255 petition raises no factual disputes and bases for relief are without merit, district court need not hold an evidentiary hearing and may dismiss the motion summarily).

It is well settled that the first question to be resolved in assessing a § 2255 motion is whether the movant has alleged "an error sufficiently fundamental to come within the narrow

limits of § 2255 [thus] making the conviction vulnerable to attack." United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992) (citing Napue v. Illinois, 360 U.S. 264, 269 (1959)). "Habeas corpus has long been available to attack convictions and sentences entered . . . without jurisdiction [and more recently has been] expanded to encompass claims of constitutional error as well." United States v. Addonizio, 422 U.S. 178, 185 (1979).

Where review of a conviction or sentence is sought based only on an error of law, "the scope of collateral attack has remained far more limited." Stone v. Powell, 428 U.S. 465, 477 & n.10 (1976); see also Reed v. Farley, 512 U.S. 339, 354 (1994) (citing Davis v. United States, 417 U.S. 333, 346 (1974) and Hill v. United States, 368 U.S. 424, 428 (1962)). In such circumstances "habeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" Reed, 512 U.S. at 348 (quoting Hill, 368 U.S. at 428); United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996) ("nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process").

In contrast to fundamental errors, non-fundamental errors which are not raised on direct appeal where there was an opportunity to do so are waived. Essig, 10 F.3d at 976-77 & n.25; Grant v. United States, 72 F.3d 503, 505-06 (6th Cir.), cert. denied, 517 U.S. 1200 (1996) (claims which do not amount to serous defects meriting relief outside the normal appellate process are waived). For example, in United States v. Folk, 954 F.3d 597 (3d Cir. 2020), the court followed the general consensus of the other courts of appeals and held that an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255

because it is neither a procedural error that qualifies as "an omission inconsistent with the rudimentary demands of fair procedure" nor "a fundamental defect that inherently results in a complete miscarriage of justice." Id. at 604.

In addition to presenting a claim falling within these limited substantive areas, significant procedural restrictions have been imposed in conjunction with claims for collateral relief that were not raised on direct appeal. Bousley v. United States, 523 U.S. 614, 621-22 (1998). As to alleged errors which are "based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982).

It is undisputed that defendant failed to raise the issue of whether the government adequately alleged defendant's knowledge-of-status in the 922(g)(1) charge in the indictment. By failing to raise this issue on direct appeal, the use of it as a basis for collateral relief is procedurally defaulted. See Murray v. Carrier, 477 U.S. 478, 491 (1986) (failure to raise a claim on direct appeal procedurally defaults the review of that claim). Thus, in order to proceed under these circumstances, defendant must demonstrate both "cause" and "actual prejudice" or that he is "actually innocent." Bousley, 523 U.S. at 422 (citations omitted).

A showing of "cause" in this context requires a petitioner to identify some objective external factor, which impeded his or her ability to raise the alleged error on direct appeal. Coleman, 501 U.S. at 753; Murray, 477 U.S. at 488 ("cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim")). "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" Coleman, 501 U.S. at 753 (quoting Murray, 477

U.S. at 488).[1]  However, cause has been found to exist when a subject constitutional claim "is so novel that its legal basis is not reasonably available to counsel in earlier proceedings."  Bousley, 523 U.S. at 622 (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).  But "futility cannot constitute cause if it means simply that a claim 'was unacceptable to that particular court at that particular time.'"  Bousley, 523 U.S. at 623 (quoting Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982)).

A petitioner's failure to establish the "cause" prong of the inquiry precludes relief for any asserted prejudice absent a showing that the error "has probably resulted in the conviction of one who is actually innocent."  Bousley, 523 U.S. at 623 (quoting Murray, 477 U.S. at 496)).

The "prejudice prong" requires a petitioner to show "actual prejudice resulting from the alleged . . . violation."  Wainwright v. Sykes, 433 U.S. 72, 84 (1977); Reed, 512 U.S. at 354. "To show 'actual prejudice' as a result of his guilty plea, a defendant 'must show that there is a reasonable probability that, but for [the complained of] errors, he would not have pleaded guilty and would have insisted on going to trial.'"  United States v. Duell, 2021 WL 858445, *2 (W.D. Pa. March 8, 2021) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Here, defendant is unable to show cause in order to excuse his procedural default. Defendant claims cause has been established because his claim would have been "completely foreclosed in all courts" due to the "universal holding of every federal court of appeals." Defendant's Reply to Government's Response to Amended Motion to Vacate (Doc. No. 117) at 9-10.  According to defendant, because the other appellate courts all had denied similar relief, the ability to advance such an error was unavailable to him.  Id. at 9-11.

Defendant's argument is unavailing.  Cause can be established "where a constitutional

---

[1]  Claims of ineffective assistance of counsel are not subject to procedural default and may be raised for the first time in a collateral proceeding commenced pursuant to § 2255.  See Massaro v. United States, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

claim is so novel that its legal basis is not reasonably available to counsel." Reed, 468 U.S. at 16. But defendant is unable to meet this showing because the legal basis for his argument was not novel and it was available to him on December 18, 2017, when he entered his guilty plea and in April of 2018 when he elected not to appeal his conviction and sentence.

Multiple courts within the Third Circuit have considered this same argument and held that "arguments under Rehaif are not sufficiently novel in the § 2255 context, as '[t]he issue . . . was percolating in the courts for years.'" United States v. Vilella, 2020 WL 6136139, at *3 (E.D. Pa. Oct. 19, 2020) (quoting United States v. Correa, No. CR 08-459, 2020 WL 5517466, at *3 (E.D. Pa. Sept. 14, 2020)); see also United States v. Battle, No. CR 16-017, 2020 WL 4925678, at *5 (W.D. Pa. Aug. 21, 2020) (rejecting the defendant's contention that "it is the extraordinary novelty of the Rehaif opinion that results in sufficient cause") (citing United States v. Scott, No. CR 17-23, 2020 WL 1030927 (E.D. La. Mar. 3, 2020) (collecting cases)); United States v. Murphy, No. 1:13-CR-060, 2020 WL 1891791, at *2 (M.D. Pa. Apr. 16, 2020) ("[t]hat [the defendant's] claim may not have been accepted by this court or in this Circuit does not provide cause for his failure to raise it.") (citing cases raising the knowledge-of-status issue from 1995 through 2020).

Moreover, the Supreme Court considered and rejected the substance of defendant's position in Greer. There, defendant Gary argued that every circuit to consider the matter "had held that knowledge of one's felon status was not an element of the felon-in-possession offense," and, given this "uniform wall of precedent," it would have been "futile" to challenge the absence of the knowledge-of-status element at his change of plea colloquy for the purpose of preserving harmless error review. Greer, 593 U.S. at 512. The Court reasoned that the "wall" of contrary precedent did not deprive Gary of the "opportunity" to raise the challenge and "all that mattered" was that he had failed to avail himself of that opportunity. Id.

Although the Court in <u>Greer</u> rendered its decision under the narrow futility exception to Rule 52(b)'s plain error standard, the logical appeal and forceful implications from the Court's rationale persuasively suggest that it likewise should be applied to the narrow futility exception governing cause for overcoming procedural default as established by <u>Reed</u>.  After all, <u>Reed</u> recognized a futility exception where the novelty of the claim was not reasonably available to counsel at the time; it did not recognize an exception where the existing body of law made it unlikely that an available argument would succeed.  And here, like the situation confronting defendant Gary, at the time defendant entered his change of plea the knowledge-of-status element recognized in <u>Rehaif</u> had been percolating in the courts for years.  The uniform circuit precedent did not preclude defendant from raising the issue in this court or through an appeal of his conviction.  In other words, defendant had the opportunity to raise the issue at that time.  He failed to do so.  And the the-existing unfavorable precedent does not establish cause to excuse his procedural default.

The knowledge-of-status issue was frequently litigated in courts across the country prior to the Supreme Court's <u>Rehaif</u> decision, and therefore it cannot be said that the question presented in <u>Rehaif</u> was so novel that cause has been established.  Based on the plethora of case law within this Circuit and beyond, defendant has not established cause for his failure to raise the <u>Rehaif</u> claim on direct appeal.  Thus, his claims are procedurally defaulted and the default cannot be overcome by a showing of cause and prejudice.

This leaves for consideration defendant's contention that he is actually innocent. Defendant mentions "actual innocence" five times in his briefings, all essentially stating that he is "actually innocent of the crime." (See ECF No. 117 at 8, 19, 25; No. 129 at 6; and No. 147 at 8).  However, defendant's passing references all fall short of the showing required to establish the likelihood of "actual innocence."

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623; see Hubbard v. Pinchak, 378 F.3d 333, 339 (3d Cir. 2004). Because of the evidentiary burden, "claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 329 (1995).

Here, defendant's actual innocence claim also is unavailing. Defendant does not proffer any evidence indicating that he did not actually possess the firearm in question. Nor does he propose any evidence beyond his presumed testimony that he was unaware of his status prohibiting him from possessing a firearm. He merely argues that "had [he] been informed of the government's burden to prove beyond a reasonable doubt that he knew he had been convicted of a crime punishable by more than one year imprisonment . . . he would not have pled guilty." (Defendant's Reply to Government's Response to Amended Motion at 24).

While the record is capable of supporting defendant's contention that had he known of the government's entire burden as to a showing of *mens rea*, he would have decided not to plead guilty, it falls far short of supporting a showing that it is more likely than not that no reasonable juror would have convicted him. Several aspects of the record preclude such a finding.

First, before entering his guilty plea in the Court of Common Pleas of Allegheny County, defendant acknowledged that his attorney advised him of the maximum possible sentence. More specifically, defendant initialed "yes" to the question: "Have you and your attorney discussed the maximum possible sentences which this Court could impose?" As a defense, defense counsel asserts that it is "plausible that the then 19-year-old Mr. Lyons, paid no attention to anything that was told to him other than the fact that he would be getting out of jail that day." (Defendant's Reply to Government's Supplemental Briefing at footnote 3).[2]

_____

[2] On September 17, 2012, defendant was charged in the Court of Common Pleas with one felony

This argument cannot carry the day for two reasons.  First, defendant does not claim that his state court counsel gave him inaccurate advice or was otherwise ineffective in this regard. Given the serious and somber nature of such a proceeding, it is only nature to infer that defendant's attorney did in fact review the maximum possible sentence with defendant and that defendant was cognizant of the information.  This is further supported by the fact that during the state court change of plea colloquy defendant testified that he did "read, understand, and answer every question correctly."

Second, a defendant cannot meet his burden of actual innocence simply by claiming individual negligence or the failure to appreciate what he was told by his counsel and the presiding judge.  If this court were to credit such grounds as a basis for establishing a claim of actual innocence, virtually every defendant would claim carelessness on his or her behalf.  The standard for proceeding with a claim of actual innocence requires much more that such a bare-bones and self-serving assertion.

Next, the colloquy in the state court proceeding provides persuasive evidence that defendant was aware of his status as a felon and its corresponding impact on his rights.  During the plea proceedings the trial court stated:

> The Court: [Y]ou're charged with possession of an offensive weapon.  That is a misdemeanor in the first degree which means that is punishable by five years in prison and/or a $10,000 fine.  Do you understand the charge against you today? (emphasis added).

> Defendant: "Yes, sir."

Additionally, the state trial judge informed defendant of his constitutional rights as they

---

and two misdemeanor firearm offenses.  With the assistance of counsel, on April 4, 2014, defendant pled guilty to an amended charge, reducing his plea to a singular first-degree misdemeanor.  Following a colloquy with the trial judge wherein defendant was informed of his rights and the applicable penalties, defendant pled guilty and was sentenced to one year of probation in accordance with a plea agreement.

would relate to the issue in this case.  The Judge asked: "Do you understand you can't have a gun?" Again, defendant answered "Yes, sir."  Therefore, defendant's affirmative responses establish that he was aware of the maximum possible sentence he faced and ultimately, his status as someone who was unable to possess a firearm.[3]

There is more than sufficient evidence from which the finder of fact could conclude that at the time he possessed the firearm as charged in this case (August 27, 2015), defendant knew he had been convicted of a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).  There also is sufficient evidence from which the finder of fact could conclude that defendant knew he belonged to the class of individuals who could no longer possess a gun.  Thus, it cannot be said that defendant can develop sufficient evidence to show it is more likely than not that no reasonable juror would have convicted him of the charged offense; to the contrary, the record demonstrates it is likely that a reasonable juror would have found him guilty of the offense.  Compare Moore v. Young, No. 5:20cv857, 2022 WL 671007, *5 (S.D. W.V. March 7, 2022) (while defendant's assertions that "had he been informed of the *mens rea* element, he would not have pled guilty" and would have gone to trial to "present evidence that he mistakenly believed his civil rights had been restored" did provide "evidence that he would not have been convicted, they alone [were] not sufficient evidence for the Court to say that it is [] more likely than not that 'no reasonable juror would have convicted him.'") (citing Bryant v. United States, No. CV-546, 2021 WL 5908927, at *5 (M.D. N.C. Dec. 14, 2021)).

There is no need for an evidentiary hearing as the record conclusively establishes that defendant cannot obtain the relief sought in the petition by operation of his procedural default and the inability to proffer sufficient evidence to meet the standard for proceeding on a claim of

---

[3]  Given these aspects of the state court proceeding, defendant faces the recognized uphill climb in proving he didn't know he was a felon.  See Greer, 141 S. Ct. at 2097.

actual innocence.  Consequently, his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 will be denied.  An appropriate order will follow.

Date: July 19, 2024

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     David Lew, AUSA
        Kimberly R. Brunson, AFPD

        (Via CM/ECF Electronic Mail)